Good morning, Your Honors. I'm Kieran Patrick-Krafft, a petitioner. I'd like to reserve two minutes of my time if I may for rebuttal. Go right ahead. Your Honors, I'd like to begin by addressing the due process issue here. Now, the immigration judge's erroneous use of administrative notice constituted legal errors and prejudiced petitioners. Additionally, it constitutes a violation of petitioners' due process rights. This court's case law, as well as that of the Board of Immigration Appeals, have established certain procedural safeguards by which an immigration judge must abide if she is to take administrative notice. And a failure to abide by these safeguards constitutes a violation of due process. In this case, the immigration judge made use of administrative notice while rendering her decision after the evidentiary record had been closed. And the immigration judge made this use of administrative notice to make a finding, a factual finding, that the organization which a petitioner fears no longer exists. Now, this is a highly dispositive finding. It's basically a petitioner's prior claim is predicated on the existence of its persecutors. Now, this court and the board have established these certain safeguards. Now, among these safeguards, one is that the immigration judge must provide notice or warning of her intent to take administrative notice of the fact. This court in Cerce V. Gonzalez stated that an applicant must have an opportunity to show why such notice should not be taken. Secondly, the immigration judge must afford an applicant an opportunity to respond or to rebut the findings of the judge. And finally, an immigration judge must identify the source of her knowledge. Now, in this case, the immigration judge followed none of those safeguards, reported none of those safeguards to the petitioner, and then made a factual finding that is highly dispositive of this claim. Counsel, how is your client substantially prejudiced by the lack of notice? So, this court's standard for prejudice, essentially prejudice, and this court stated in the Burgoyne v. Bard, that substantial prejudice is established when the outcome of the proceeding may have been affected by the alleged violation. In Gomez-Velazquez v. Sessions, the court stated that prejudice means the violation potentially affected the outcome of the immigration proceeding. Now, in this case, the judge explicitly, in her decision, relied on her factual findings regarding the non-existence of the cartel to find that it undermined any claim that anyone would hurt the petitioner, and that's in the record at 7-8. But, pardon me, Mr. Trapp, that's not the whole story. That's part of the story. The whole story is that your client, the petitioner, failed to show any persecution by the gang, whether you call it the familia medio-racal or whether you call it a nice temper. So, if you made a mistake by taking administrative notice that the familia medio-racal had been ruled up by the nice temper, you still have to show some evidence of actual persecution by some gang with the acquiescence of the Mexican government. I'd like you to turn to that and tell me what evidence there is of that persecution. Well, as I said, first of all, in order to establish eligibility for withholding of removal, petitioner did not need to establish past persecution. That's right. And so that is actually the second part of the petition, essentially, is that it goes to petitioner's claim of future persecution based on the membership in the PSG composed of future police officers. He went back to Mexico and he worked for six years as a police officer and suffered no persecution. Isn't that pretty telling? Well, there was the 1995 stabbing. Now, even if that stabbing did not constitute persecution because of the immutability issues with the proposed PSG of current or serving police officers, petitioner's affiliation with that police department was a reason for the attack. Mr. Brett, I'm sorry. Go ahead, Judge Baird. The central reason why he got stabbed was because he wouldn't play ball with a gang. He wouldn't take money and wouldn't submit it to the victim. Not because he happened to be a police officer. Your Honor, a central reason is not the standard of the withholding claim. So petitioner need only show that his being affiliated with the police department will be a reason, not a central reason or even the only reason. And so because this is a withholding claim, we are using a much more standard for withholding as opposed to the one central reason for the stabbing. Mr. Pratt, if I could ask you, though, following up on Judge Baird's concerns, for six years for the police after the 1995 stabbing, apparently without significant incident or any incident, then another year as a security officer, again without incident, because of a particularized fear of retaliation or targeting by the gang or cartel, but because he didn't like the general conditions where he was living. And all of that seems to me to be of great concern to your client's ability to show a future likelihood of being targeted. And yes, I agree. The judge did mention the change in the identity of the gang or the cartel, but that's a belt and suspenders kind of argument, that even if you take away that suspenders, you still got the belt of the rest of the record. So this is a long-winded question and leading up to requests for you're telling me the best case that you have to support your claim, even in the face of this kind of record. Well, and your Honor, to address that, I'd just like to go back to the prejudice standard, which is that petitioners not required to show to a certainty or definitely that these findings affected the outcome of the proceedings, only that they may have or potentially did. And the judge and the board relied on country conditions findings, not only to address the possibility of persecution in the future, but also positive elements of reclaiming. Now, I would argue that the judge's explicit reliance on those country conditions to which petitioner had no opportunity to respond may have or potentially affected the outcome of proceedings. And do you have a case that you particularly find helpful? Regarding the prejudice standard? Yes. I would just want to be boring. Thank you. Counsel, did you want to save two minutes? I did. Yes. Okay. Why don't we hear from the government? Then, and then you will have two minutes rebuttal. Good morning. May it please the court. My name is Margo Kniffen for the United States Attorney General. Your Honors, the court should deny this petition for review. Given that the petitioner waives his past persecution claim, the court can deny the petition on the sole basis that he failed to establish a clear probability of future persecution. In order to meet the clear probability standard, a non-citizen must show that it is more likely than not that he'll be persecuted in his home country. This is a higher standard than for with, for them, for asylum. This court has furthermore held that a non-citizen's ability to remain in a home country without experiencing harm undermines his ability to show a clear probability of future persecution. That is exactly what happened here. The petitioner testified that he was stabbed in 1995. He then remained in Mexico for seven years without experiencing any additional harm. Under this court's case law, this undermines his ability to establish a clear probability of future persecution. Thus, given that the petitioner fails to compel the reversal of this aspect of the agency's decision, the court should deny his petition on this dispositive basis alone. To the extent that the petitioner argues that he, that remand is necessary because the immigration judge took administrative notice of the fact that the Knights Templar no longer existed, he fails to show that he was prejudiced by the immigration judge's decision to do so because the board did not rely on this fact in affirming the immigration judge's clear probability of determination. Thus, given that the petitioner fails to compel reversal of the agency's denial of withholding of removal, the court should deny the petition for review. If there are no further questions. Thank you. Thank you. Have. There's a claim here that, uh, what we call up a waiver claim that, uh, the notice to appear was defective. Yes. So the petitioner claims that the jurisdiction did not vest because his notice to appear did not include the location of the address of the immigration court. However, this court determined an Aguilar-Furman that, that this does not divest an immigration court of jurisdiction. And so the, the petitioner's argument is foreclosed by Aguilar-Furman. So I wanted to ask you about the Grava case. I mean, it's, it seems as though the IJ and the BIA assume that he was stabbed in 1995 because he was a police officer, but wasn't he really taking an anti-corruption stand as in Grava where, um, it was a fellow police officer who came to him and who brought the gang member to him. They wanted him on the payroll and he refused to do that. Um, he refused to take that position. Isn't that a political, isn't that a political ground for, um, persecution of a type under Grava? So the, the petitioner fails to exhaust any political opinion claim. And so for future persecution, we're only looking for a nexus, looking at the nexus of his proposed social group of former police officers. And as the agency found when we're looking at nexus, the critical question under Elias Zacharias is motive. The petitioner repeatedly testified on pages 168, 169 and 184 of the record that when his, he was attacked, his assaulters indicated that they did so because of his refusal to work with the family of Mitchell Kanna. There's no evidence in the record that the assaulters were motivated by the fact he was a police officer. And critically, the connection is even more attenuated for his former police officer status, which would be relevant for his future persecution claim. Critically under the substantial evidence standard, it's the petitioner's burden to show evidence that the record compels the reversal of the agency's motive finding here. There's, there's no evidence to compel that finding that he would be harmed in the future because he's a former police officer. The only evidence we have is that when he was attacked, his assaulters specifically communicated that they were doing so because of his refusal to work for the family of Mitchell Kanna. Yes. Are there no further questions? Nope. All right. All right. Thank you, council. Thank you so much. Just going to the motive, the motive behind the 1995 stabbing. Now the board petition, excuse me, the board characterized petitioner stabbing as motivated by his failure to join the cartel. That is the life of the record. First the petition was specifically targeted for recruitment on account of his affiliation with the police department. It was asked specifically to abuse his position as a police officer in return for payment in order to provide information to the cartel. Now, even if past persecution is not established because of mutability issues with a PSG or current police officers, his affiliation with the police department was a reason for that harm and therefore makes it more likely, not less, that should he return to the former police officer, his affiliation with that police department would be a reason for the harm. And once again, I just wanted to stress that this is a recalling only case. And so it not need be a central reason or even the only reason. So it's petitioner's position that substantial evidence shows that even if past persecution, the 1995 stabbing does help him establish that if he returns, his status as a former police officer will be a reason for future harm. Thank you. Are there any questions? Thank you very much, council. Alvarez-Torres versus Wilkinson will be submitted.
judges: Wardlaw, Bea, Rosenthal